UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EUGENE NICHOLAS ERMILO SANTOS : | |
| : | |
| v. : | C.A. No. 20-00335-WES |
| : | |
| JOHNSON AND WALES UNIVERSITY, : | |
| et. al. : | |

REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On August 5, 2020, Plaintiff filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 per case filing fee. (ECF Nos. 1, 2).[1] Plaintiff's Application (ECF No. 2) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be

---

[1] Plaintiff subsequently filed a Second and Third Motion to Proceed In Forma Pauperis. (ECF Nos. 3, 6). While the information contained in the Second and Third Motions is primarily duplicative of the original Motion, the Court has considered all three Motions in arriving at its determination that In Forma Pauperis status is authorized in this case.

DISMISSED because it is "frivolous," and "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff sues Johnson & Wales University, the West Warwick Police Department, Attorney Matthew Parker and Johnson & Wales University Employee Stephanie Dixon. In his Complaint, Plaintiff alleges he was "expelled from College for Handling Narcan" and that he was held against his will in the office of Ms. Dixon, a counselor, who "made fun of [him] calling [him] Manic" and then had him transported to Rhode Island Hospital against his will. (ECF No. 1 at p. 4). He notes that he "Cameout [sic] Trans" and was subsequently "denied Access to the Computer Lab and Classes" and "sexually assaulted while an employee with the University." Id. He claims that he has been sent "threatening" letters that state he will be "placed in Prison" if he "speaks up." Id. He states that he is entitled to damages for "Bullying, Intimidation and Risk Factor" and that he was "permanently disabled after being beaten" by several West Warwick Police Officers on November 12, 2019. Id. at p. 6. He further offers that he was "shot at 7 times on Halloween Night." Id. He seeks to hold Defendants liable. His Complaint contains a series of unrelated statements such as "Eugene is a former Boy Scout of North Kingstown and is considered to be the Only Known Person with an Actual Series of Communications Between Him and the Department of Homeland Security…." Id. at p. 7. He also states, "helpful Tips can be submitted to the FBI who is aware of this case using the name Jeanne Clery Act Violations at +1 401 272 8310." Id. Attached to his Complaint and filed separately are several documents and emails Plaintiff purports to have filed with the United States Department of Education.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant

with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, this Court has taken all the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required because even when afforded a liberal construction, the Complaint fails to state a claim and is frivolous.  From Plaintiff's Complaint, it is impossible to ascertain what specific federal law his claim is based upon, what relief he is seeking, or how all of the various attachments relate to one another.  As drafted, the Complaint does not inform Defendants or the Court as to the relevant facts and claims, nor does it permit Defendants to answer the Complaint and prepare for trial.  In short, as Judge Easterbrook summarized, "Rule 8(a) requires parties to make their pleadings straight forward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."  Parker v. Learn the Skills Corp., No. 03-6936, 2004 WL 2384993 (E.D. Pa. Oct. 25, 2004) (quoting United States, ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003)).  Further, the claims

set forth against Johnson & Wales University do not arise from the same transaction, occurrence or series of transactions or occurrences, nor do they contain a common question of law or fact with respect to those claims purportedly asserted against the West Warwick Police Department.  As such, these claims against unrelated defendants should not be joined in one action.  See Fed. R. Civ. P. 20(a)(2).

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (ECF No. 2) is GRANTED.  However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), I further recommend that Plaintiff's Complaint (ECF Doc. No. 1) be DISMISSED without prejudice.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


   /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 12, 2020